## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

JOHANNA FOODS, INC.,

      Plaintiff,

v.                                Case No:  2:14-mc-13-FtM-29CM

GEORGE A. WINSLOW,

      Defendant.

_____

## ORDER

Before the Court are Plaintiff/Judgment Creditor's Motion for Continuing Writ of Garnishment Against Salary or Wages after Judgment (Doc. 6) and Plaintiff/Judgment Creditor's Motions for Charging Orders ("Motions for Charging Orders," Docs. 7, 8, 9, 10, 11, 12).   Defendant responded in opposition to the Motions for Charging Orders but he did not respond to the Motion for Continuing Writ of Garnishment.   Doc. 16.   For the reasons that follow, Plaintiff's Motion for Continuing Writ of Garnishment is granted and Plaintiff's Motion for Charging Orders are taken under advisement.

### I.    Writ of Garnishment

On June 19, 2014, a Stipulation and Order for Final Judgment was entered against Defendant in the amount of $1,075,000.00.   Doc. 6 at 4-5.   Plaintiff states that on September 3, 2014, the Judgment was recorded with the Clerk of Court for Lee County, Florida.   *Id.* at 1.   Plaintiff asserts that the Final Judgment remains unpaid and unsatisfied.   *Id.* at 2.   Plaintiff states that it does not believe that

Defendant will have in his possession tangible or intangible property in the state and in the county upon which a levy can be made to satisfy the judgment. *Id.* Therefore, Plaintiff moves for a writ of garnishment to be served on Rio Atlantic, Inc., who may be indebted to Defendant by reason of salary or wages. *Id.*

Pursuant to Federal Rule 69, enforcement of a judgment shall be through writ of execution unless the court directs otherwise. The court may order other remedies that accord with the procedure of the state where the court is located. Fed. R. Civ. P. 69(a)(1). Florida law provides for the remedy of garnishment pursuant to Fla. Stat. § 77.01 *et seq.* Pursuant to Fla. Stat. § 77.0305,

> if salary or wages are to be garnished to satisfy a judgment, the court shall issue a continuing writ of garnishment to the judgment debtor's employer which provides for periodic payment of a portion of the salary or wages of the judgment debtor as the salary or wages become due until judgment is satisfied or until otherwise provided by court order.

Fla. Stat. § 77.0305. Additionally, under the applicable provision, Fla. Stat. § 77.041, notice is provided to a defendant after service of the writ of garnishment.

Here, Judgment has been entered against Defendant, and the Court finds good cause to grant the motion. Plaintiff must continue to follow all provisions as set forth in Fla. Stat. § 77.041.

## II.    Charging Orders

Plaintiff also filed six motions for charging orders. Docs. 7, 8, 9, 10, 11, 12. Plaintiff alleges Defendant is a member and owns interest in the limited liability companies known as Gator Grove, LC; "G" Road Grove, LLC; Gulf Atlantic Operations, LLC; Riverstone Property, LLC; Winfast Farms, LLC; and Winslow

Family Investments, LLC.   *Id.*   Plaintiff alleges that pursuant to Florida statutes, the Court is authorized to charge the interest of Defendant with payment of the unsatisfied amount of the judgment with interest.[1]   Doc. 7 at 1.   Defendant responds that Plaintiff is not entitled to a charging order against any entity unless Defendant is a member of the entity or a transferee of a member of the entity.   Doc. 16 at 1.   Moreover, Defendant states that to the extent that any interest in an entity is jointly owned with his wife as tenants by the entirety, Plaintiff has no right to a charging order.   *Id.* at 2.

Defendant requests an evidentiary hearing to demonstrate that he is not a member or transferee of a member of Gator Grove, LC; "G" Road Grove, LLC; Gulf Atlantic Operations, LLC; Riverstone Property, LLC; or Winfast Farms, LLC.   *Id.* He also seeks to demonstrate that the only interest he has in Winslow Family Investments, LLC is jointly held with his wife as tenants by the entirety.   *Id.*

The Court does not find that an evidentiary hearing is necessary at this time. The Court directs Defendant to file with the Court **on or before March 16, 2016** any evidence demonstrating that he is not a member or transferee of a member of Gator Grove, LC; "G" Road Grove, LLC; Gulf Atlantic Operations, LLC; Riverstone Property, LLC; or Winfast Farms, LLC.   Defendant also is directed to file any evidence demonstrating that his interest in Winslow Family Investments, LLC is jointly held by his wife as tenants by the entirety.   The Court also directs Defendant

---

[1] Plaintiff cites to Fla. Stat. § 608.433(4).   Doc. 7 at 1.   The Court notes, however, that Fla. Stat. § 608.433(4) has been repealed effective June 11, 2015.   The language of that section now is included in Fla. Stat. § 605.0503.

to file one supplemental briefing of no more than ten (10) pages, along with supporting affidavits, explaining the evidence provided for all six entities and why the evidence submitted shows that Plaintiff is not entitled to a charging order. Plaintiff is permitted to file a response **on or before March 30, 2016** of no more than ten (10) pages.

ACCORDINGLY, it is hereby

**ORDERED:**

1.    Plaintiff/Judgment Creditor's Motion for Continuing Writ of Garnishment Against Salary or Wages after Judgment (Doc. 6) is **GRANTED**.   The Clerk is directed to issue the writ of garnishment submitted with the motion (Doc. 6-2).

2.    Plaintiff/Judgment Creditor's Motions for Charging Orders (Docs. 7, 8, 9, 10, 11, 12) are **TAKEN UNDER ADVISEMENT.**

3.    Defendant is directed to file with the Court **on or before March 16, 2016** any evidence demonstrating that he is not a member or transferee of a member of Gator Grove, LC; "G" Road Grove, LLC; Gulf Atlantic Operations, LLC; Riverstone Property, LLC; or Winfast Farms, LLC.   Defendant also is directed to file **on or before March 16, 2016** any evidence demonstrating that his interest in Winslow Family Investments, LLC is jointly held by his wife as tenants by the entirety.   The Court also directs Defendant to file one supplemental briefing of no more than ten (10) pages, along with supporting affidavits, explaining the evidence provided for all six

entities and why the evidence submitted shows that Plaintiff is not entitled to a charging order.

4.      Plaintiff is permitted to file a single response **on or before March 30, 2016** of no more than ten (10) pages.

**DONE** and **ORDERED** in Fort Myers, Florida on this 2nd day of March, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record